**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TOM S. and ONNA S., as parents and best friends of JACK S.,** ) ) ) ) | **Case No.:** |
| Plaintiffs ) ) | |
| vs. ) ) | |
| **BOARD OF EDUCATION FOR CHICAGO PUBLIC SCHOOL DISTRICT # 299, FORREST CLAYPOOL, TRACI HAMM, and TONY T. HOWARD, III in their official and individual capacities**, ) ) | |
| Defendants | |

## VERFIED COMPLAINT

Now come the plaintiffs, by and through their attorney, Steven E. Glink, and complaining against the defendants, state as follows.

## STATEMENT OF THE CASE

This is the sad case of an eight year old autistic boy who is the victim of Chicago Public School politics. Specifically, the school district and the parents have agreed that the child's appropriate IEP placement is 100% in a separate day school. All parties further agree that assigning the child to the Wildwood School, a CPS school, would meet the child's IEP needs. The parties further agree that assigning the child to the Wildwood School would be in the child's best interests. However, the defendants have

refused to assign the child to the Wildwood School based solely on their enrollment policy.

This is NOT an IDEA case because placement is not disputed. Rather, this is a failure to accommodate case brought under the Americans with Disabilities Act as well as section 504 of the Rehabilitation Act to rectify the discriminatory application of defendants' enrollment policy that will deny this boy full benefits of the defendants' services and programs.

## JURISDICTION

1. This action is brought pursuant to Section 504 of the Rehabilitation Act of 1973, 29 USC 701, et seq. and The Americans with Disabilities Act, 42 USC 12101, et seq.

2. Jurisdiction is proper pursuant to 28 USC 1331

3. Venue is proper pursuant to 28 USC 1392.

4. The district's principal place of business is located in Chicago, Cook County, Illinois.

5. All material acts related to this incident occurred in Chicago, Cook County Illinois.

## THE PARTIES

6. Plaintiffs are all citizens of the United States and residents of Chicago, Illinois.

7. Jack is an eight (8) year old student currently enrolled as a student in CPS.

8. Tom is Jack's father. Onna is Jack's mother.

9. Chicago Public School District # 299 ("the district" or "CPS") is a local public school district organized pursuant to the Illinois School Code.

10. The Board of Education (BOE) is a group of citizens appointed to operate and govern the school district.

11. Forest Claypool is employed by the BOE as the CEO of the district.

12. Traci Hamm is employed by the BOE as the district's special education representative. Ms. Hamm is currently assigned to work in CPS's Office of Diversified Learners and Special Services (ODLSS).

13. Tony T. Howard, III is an employee of the BOE and serves CPS as the Executive Director of Enrollment and Education policy.

14. Mary Beth Cunat is not a party but is a critical person in this case. Ms. Cunat is employed by the BOE as the principal of the Wildwood School.

15. All individual defendants are sued in their individual and official capacities.

16. Plaintiffs have a private right of action under *Tennessee v. Lane* and its progeny.

### COUNT I-FAILURE TO ACCOMMODATE

17. Title II of the ADA prohibits local governmental entities from discriminating against a qualified individual with a disability by denying the qualified individual the full benefit of services, programs and/or activities on the basis of a disability.

18. CPS is a local governmental entity as defined by law.

19. Title III of the ADA prohibits disability discrimination (e.g. denial of the full benefit of services, programs and/or activities) in places of public accommodation.

20. CPS schools are places of public accommodation as defined by law.

21. Section 504 of the Rehabilitation Act prohibits the same type of discrimination as does the ADA but applies only to recipients of federal funds.

22. The district is a recipient of federal and state funds.

23. Jack is a qualified individual with a disability as that term is defined by the ADA and/or Section 504 of the Rehabilitation Act because he is diagnosed with the impairment of autism and because the defendants regard him as having an

impairment that substantially limits him in a daily life functioning (e.g. learning) (a copy of relevant excerpts of Jack's IEP are attached as exhibit A).

24. As is reflected in the IEP, the parties are in agreement that the appropriate IEP placement for Jack is at a "separate day school" (see pg.70/79).

25. During the interactive process of finding the appropriate school assignment, plaintiffs had numerous discussions and email exchanges with Ms. Hamm and Principal Cunat. These exchanges (attached as group ex. B) confirm that Hamm and Cunat believed that placement at Wildwood School was appropriate to meet Jack's IEP needs.

26. After several weeks of waiting, plaintiffs engaged counsel to inquire to CPS why Jack's assignment to Wildwood School was delayed.

27. Counsel did send an email to CPS's Law Department and received responses from attorney Luis Rodriguez and defendant Tony Howard (copies of this email exchange are attached as ex. C).

28. Essentially, defendants' position was that Jack would not be allowed to enroll in Wildwood based on the CPS enrollment policy.

29. Plaintiffs were never offered the opportunity to apply for Admission to Wildwood because they did not live in that neighborhood.

30. Plaintiffs, through counsel, requested a reasonable accommodation of either waiving strict application of the enrollment policy or by applying CPS's "best interests" policy to allow Jack to attend the Wildwood School.

31. On June 12, 2017, CPS attorney Gabriela Brizuela, on behalf of her clients, denied the plaintiffs request that Jack be assigned to Wildwood for the 2017-2018 school year (attached as ex. D).

32. Defendants have taken the position that Jack's IEP needs can be met at the plaintiffs' "neighborhood school" which is Beaubein.

33. Jack's parents recently went to Beaubien with various CPS representatives to see if assignment to Beaubien would in fact meet Jack's IEP needs.

34. Assigning Jack to Beaubien for the 17-18 school year would not be appropriate (see pg. 8 of ex. A (parental concerns) as well as opinions of Dr. Nina Goudis (ex. E) and Johnna Soler (exhibit F) respectively).

35. Dr. James Weedon is also recommending that jack be placed in the smaller school (Wildwood) and not Beaubien (attached as ex. G).

36. There is a spot open and available to Jack as a student at Wildwood for the 17-18 school year.

37. The requested accommodations were reasonable as they were not unduly burdensome.

38. Defendants' denial of the plaintiffs' requested accommodations violates Jack's rights under both the ADA and section 504 of the Rehabilitation Act.

Wherefore, plaintiffs respectfully pray that pursuant to FRCP 65, this Honorable Court enter a preliminary injunction upon the defendants restraining them from denying Jack assignment at the Wildwood School for the 2017-2018 school year.

Plaintiffs further pray that this Honorable Court enter a judgment in their favor and against all defendants, jointly and severally in an amount in excess of $75,000.00 plus costs and reasonable attorney's fees.

Respectfully Submitted,

By: s/STEVEN E. GLINK

_____
STEVEN E. GLINK

LAW OFFICES OF STEVEN E. GLINK
ATTORNEY FOR PLAINTIFFS
ARDC # 6180869
3338 COMMERCIAL AVENUE
NORTHBROOK, ILLINOIS 60062
847/480-7749 (Voice)
847/480-9501 (Facsimile)